| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>ERIC K. MERRING,<br><br>                              Plaintiff,<br><br>   - against -<br>THE TOWN OF TUXEDO, NEW YORK, THE TOWN OF TUXEDO POLICE DEPARTMENT, TOWN OF TUXEDO POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER 24, TOWN OF TUXEDO POLICE SERGEANT PATRICK WELSH, SHIELD NUMBER 17,<br><br>                              Defendants.<br>------------------------------------------------------------------X | ECF<br><br>CV NO.:<br>07 CV 10381 CLB<br><br>**AFFIDAVIT<br>OF PLAINTIFF<br>ERIC K. MERRING**<br><br>**Assigned to:**<br>**Hon. Charles L. Brieant,**<br>**United States District Judge** |

STATE OF NEW YORK    )
                                      ) ss.:
COUNTY OF DUTCHESS  )

ERIC K. MERRING, being duly sworn, deposes and says:

1.      I am the plaintiff herein.

2.      I make this Affidavit in answer and opposition to the Notice of Motion made by defendants herein POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER 24, and SERGEANT PATRICK WELSH, SHIELD NUMBER 17, seeking summary judgment and dismissal of my Complaint, based upon the issue of qualified immunity.

3.      I have reviewed the papers submitted by the defense, namely the Notice of Motion, Affirmation, Statement of Facts, and Memorandum of Law, as well as the Exhibits annexed to the Statement of Facts.

4.      I wish to address certain factual allegations pertaining to the interaction between SERGEANT WELSH and me on December 4, 2006. The first aspect has been treated in the defense papers. The second aspect is not addressed in the moving papers, but I respectfully wish to address it here.

5.      I wish respectfully to advise the Court that the entire incident that took place between the POLICE OFFICERs and me on December 4, 2006, upset me a great deal, and caused me a great deal of anguish.

6.      In my original Notice of Claim, dated February 8, 2007, I alleged that SERGEANT WELSH "physically took" me out of my car. Exhibit H, page 3. In my original Complaint, dated November 15, 2007, I made the same allegation. Exhibit A, page 7, paragraph 22. I made the same allegation during the course of my 50-h hearing., held on June 6, 2007. Exhibit C, page 35. This allegation was consistent with my recollection of the incident as of those dates.

7.      In February, 2008, I reviewed a VCR tape provided by the defense attorneys from the filming by a dashboard camera of OFFICER DELIA. Exhibit E. In this tape, it is clearly reflected that SERGEANT WELSH did not pull me out of my vehicle physically and that I exited the vehicle on my own. As a result, through my attorney, I had filed and served an Amended Notice of Claim (Exhibit O), an Amended Complaint with Jury Demand (Exhibit P), and a Supplemental Correction Affidavit to my 50-h hearing transcript (Exhibit Q).

8.      Additionally, I have subsequently reviewed this VCR tape again in connection with my response to the defendants' Motion, and I noticed something else

regarding the sequence of events of December 4, 2006, which I believe is pertinent to this matter, particularly at this juncture, as I am advised by my attorney.

        9.     In my original Notice of Claim, I alleged as follows:

> The Sergeant directed the claimant to step out of his vehicle. The claimant asked why. The Sergeant physically took the claimant out of the car and told him to put his hands up. The Sergeant then conducted a search of the claimant's person. The Sergeant removed the handgun from its holster on the person of the claimant. The Sergeant then began to search the claimant, and retrieved a legal folding knife, and claimed it was an illegal knife, claiming that it was a gravity knife, which can be opened by gravity or centrifugal force. The Sergeant then advised the claimant to put his hands behind his back and advised him that he was under arrest.

Exhibit H, page 3.

        10.    These allegations were repeated in the context of my original Complaint with Jury Demand. Exhibit A, page 7, paragraph 22.

        11.    This sequence of events, with SERGEANT WELSH directing me to get out of the car, me getting out of the car, directing me to put my hands up, removing my pistol from its holster, and then conducting a personal search of me and retrieving the knife out of my pocket, was repeated by me during the course of my 50-h hearing. Exhibit C, pages 34-38. This sequence of events was repeated in the context of my Amended Notice of Claim (Exhibit O), my Amended Complaint with Jury Demand (Exhibit P), and my Supplemental Correction Affidavit (Exhibit Q).

        12.    I have since viewed this videotape again in connection with responding to the defendants' Motion I refer the Court respectfully to it, in that it is

annexed to defendants' moving papers as Exhibit E in DVD format. During the course of the videotape, it is quite clear that the sequence of events is as follows:

    a.    SERGEANT WELSH directed me to exit my vehicle.

    b.    I exited my vehicle.

    c.    SERGEANT WELSH directed me to put my hands up, which I did while I was facing him.

    d.    SERGEANT WELSH conducted a search of my person.

    e.    SERGEANT WELSH seized the folding knife from my pant's pocket.

    f.    SERGEANT WELSH manipulated the knife and then opened it.

    g.    SERGEANT WELSH then placed it on the trunk of my car.

    h.    SERGEANT WELSH then seized my pistol from its holster and placed that on the trunk of my car.

    i.    SERGEANT WELSH directed me to turn around and proceeded to handcuff me.

    13.    Therefore, I respectfully submit to the Court that what is reflected in the VCR tape is what took place. I also respectfully submit that the remaining factual allegations set forth in my Amended Notice of Claim, Amended Complaint with Jury Demand, and 50-h hearing testimony as corrected, are true and accurate, and I respectfully request that the Court consider the same in the context of this application by the defendants. I also respectfully request that the Court consider my Counter Statement of

Facts as being the more accurate and complete factual recitation, and I hereby incorporate the same by reference here.

14. I also respectfully submit that the knife in question is not a gravity knife, in that it is not opened and locked merely by gravity or centrifugal force. It is a "Police" model, made by a company called Spyderco. I used it during the course of my employment to open boxes of goods. Having worked in the sporting goods business, I respectfully submit to the Court that it is commonly distributed and sold in New York State in sporting goods stores. That is why, as I understand it, the Orange County District Attorneys' Office dismissed the charge of criminal possession of a weapon in the fourth degree in the Town of Tuxedo Justice Court.

WHEREFORE, your deponent respectfully requests that the Motion for Judgment pursuant to Rule 56(c) by the defendants herein on the Affirmative Defense of qualified immunity be denied in its entirety, together with such other and further relief as to the Court may seem just and proper.

ERIC K. MERRING

Sworn to before me this
7th day of July, 2008.

Notary Public

Facts as being the more accurate and complete factual recitation, and I hereby incorporate the same by reference here.

14. I also respectfully submit that the knife in question is not a gravity knife, in that it is not opened and locked merely by gravity or centrifugal force. It is a "Police" model, made by a company called Spyderco. I used it during the course of my employment to open boxes of goods. Having worked in the sporting goods business, I respectfully submit to the Court that it is commonly distributed and sold in New York State in sporting goods stores. That is why, as I understand it, the Orange County District Attorneys' Office dismissed the charge of criminal possession of a weapon in the fourth degree in the Town of Tuxedo Justice Court.

WHEREFORE, your deponent respectfully requests that the Motion for Judgment pursuant to Rule 56(c) by the defendants herein on the Affirmative Defense of qualified immunity be denied in its entirety, together with such other and further relief as to the Court may seem just and proper.

_____
ERIC K. MERRING

Sworn to before me this
7th day of July, 2008.

_____
Notary Public

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
TEL: (845) 454-9200

LEE DAVID KLEIN
Notary Public, State of New York
Qualified in Dutchess County
Commission Expires Oct. 14, 20_10

5