| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>ERIC K. MERRING,<br><br>                            Plaintiff,<br><br>  - against -<br>THE TOWN OF TUXEDO, NEW YORK, THE TOWN OF TUXEDO POLICE DEPARTMENT, TOWN OF TUXEDO POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER 24, TOWN OF TUXEDO POLICE SERGEANT PATRICK WELSH, SHIELD NUMBER 17,<br><br>                            Defendants.<br>------------------------------------------------------------------------X | ECF<br><br>CV NO.:<br>**07 CV 10381 CLB**<br><br>**AFFIRMATION IN OPPOSITION OF LEE DAVID KLEIN, ESQ.**<br><br>**Assigned to:**<br>**Hon. Charles L. Brieant,**<br>**United States District Judge** |

       LEE DAVID KLEIN, an attorney at law, duly admitted before the Court of New York State, affirms under penalties of perjury and says:

       1.     I am the attorney for the plaintiff herein, ERIC K. MERRING, in connection with the above-referenced action.

       2.     I make this Affirmation in answer and opposition to the Notice of Motion, dated April 15, 2008, submitted by John J. Walsh, Esq., of Hodges, Walsh & Slater, LLP, attorneys for the defendants herein. This Motion has been submitted by counsel for the defendants on behalf of defendant TOWN OF TUXEDO POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER 24, and TOWN OF TUXEDO POLICE SERGEANT PATRICK WELSH, SHIELD NUMBER 17, pursuant to paragraph 3(d) of the Court's Civil Case Discovery Plan and Scheduling Order, dated January 25,

2008. This Motion has been served and filed pursuant to Rule 56 of the FRCP, specifically with respect to the defense of qualified immunity.

        3.      Your Affirmant is fully familiar with the facts and circumstances herein, having represented the plaintiff from the inception of this matter, including the criminal proceeding in the Town of Tuxedo Justice Court from which this matter arises.

        4.      The defendants' Motion contains the following Exhibits as follows:

        A.      Plaintiff's Complaint with Jury Demand;

        B.      Defendants' Answer;

        C.      Portions of plaintiff's examination held on June 6, 2007, pursuant to Section 50-h of the General Municipal Law of the State of New York;

        D.      Selected portions only of the deposition of the plaintiff held on March 7, 2008, pursuant to the Court's Civil Case Discovery Plan and Scheduling Order, dated January 25, 2008;

        E.      A DVD prepared from the dashboard mounted camera of OFFICER DELIA's police car;

        F.      Photographs of the knife seized from MR. MERRING's person and the stick seized from his automobile;

        G.      The Certificate of Disposition from the Town of Tuxedo Justice Court, dated February 5, 2007, reflecting that the charge of Criminal Possession of a Weapon in the Fourth Degree, New York State Penal Law Section 265.01, was dismissed, and that MR. MERRING entered a plea of guilty to New York State Vehicle and Traffic Law Section 1201, stopping or parking on the pavement, a traffic infraction,

in satisfaction of the charge of speeding, under New York State Vehicle and Traffic Law Section 1180(b).

5. A number of Exhibits are annexed hereto, submitted on behalf of the plaintiff, identified by letters in sequence after G, commencing with the letter H, through Y.

6. This action was preceded by the service of a Notice of Claim, verified February 8, 2007, a copy of which is annexed hereto as Exhibit H.

7. Counsel has submitted as Exhibit C copies of select portions of the hearing held pursuant to Section 50-h of the New York State General Municipal Law held on June 6, 2007. It should be noted that the portions of the 50-h hearing transcript generated from testimony held on June 6, 2007, is eighty-seven (87) pages in length, with only the following pages included in defendants' moving papers: 1-5, 14, 15, 18, 21, 23, 25-27, 31-42, 44, 45, 50-52, 56, 57, 64, 65, 75, and 87. Annexed hereto as Exhibit I is a copy of the entire transcript of the examination, executed on August 22, 2007, together with a Correction Affidavit, sworn to the same date.

8. After the service of the plaintiff's Complaint, dated November 15, 2007, a copy of which is annexed as Exhibit A to the defendants' moving papers, and the service of the defendants' Answer, dated December 26, 2007, a copy of which is annexed to the defendants' moving papers as Exhibit B, the Court held a preliminary conference on January 25, 2008, at which time the parties agreed to a Civil Case Discovery Plan and Scheduling Order, signed by the Court on January 25, 2008, a copy of which is annexed hereto as Exhibit J for the Court's easy reference. The Court's attention is respectfully

directed to paragraphs 1 and 2 of that portion of the Court's Order pertaining to discovery, in which it is required that Interrogatories are to be served no later than February 29, 2008, with responses to be served within thirty (30) days thereafter, and with a First Request for Production of Documents to be served no later than February 29, 2008. Additionally, it was at this conference that counsel for defendants provided to your Affirmant a copy of a VCR tape from the dashboard video camera of OFFICER DELIA, which your Affirmant first reviewed with MR. MERRING in February, 2008. This tape is provided in DVD format at counsel's Exhibit E. This was provided in response to an inquiry from your Affirmant regarding the availability of any police car dashboard video cameras or station house video cameras.

9.  Annexed hereto as Exhibit K is a copy of Defendants' Discovery Pursuant to Rule 26 of the Federal Rules of Civil Procedure, dated January 8, 2008. Annexed hereto as Exhibit L is a copy of Plaintiff's Initial Disclosure Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, dated January 22, 2008.

10.  Annexed hereto as Exhibit M collectively are copies of Plaintiff's First Request for Production of Documents Pursuant to Federal Rules of Civil Procedure 34, and Interrogatories Pursuant to Federal Rules of Civil Procedure 33, each dated February 29, 2008, in accordance with the Disclosure Order, with a copy of your Affirmant's transmittal correspondence.

11.  Annexed hereto as Exhibit N is a copy of Plaintiff's Notice for Discovery and Inspection Pursuant to New York State CPLR 3120, dated April 22, 2008, pertaining to inspection of the knife and the stick in question at the headquarters of the

Town of Tuxedo Police Department. These items of personal property have been in the possession of the Town of Tuxedo Police Department since December 4, 2006, the time and date of their seizure through the present time. An inspection of these articles at such location by plaintiff and counsel took place on June 20, 2008, at 3:00 p.m.

12. I respectfully refer the Court to the Affidavit of the plaintiff ERIC K. MERRING, sworn to the 7th day of July, 2008, and annexed hereto pertaining to his initial account of his exiting his vehicle at the direction of SERGEANT WELSH on December 4, 2006. As the Court can see from his Affidavit, MR. MERRING initially recalled that SERGEANT WELSH physically took MR. MERRING out of his car. Exhibit H, Notice of Claim, at page 3. The Complaint was drafted with this allegation as well. Exhibit A, Complaint with Jury Demand, at page 7, paragraph 22. MR. .MERRING also testified in accordance with that recollection at his 50-h hearing. Exhibit C, 50-h hearing transcript, at page 35. The video of MR. MERRING's exit from the vehicle reflected that SERGEANT WELSH did not physically pull MR. MERRING out of his vehicle. This prompted MR. MERRING through your Affirmant to: (1) file and serve an Amended Notice of Claim, verified March 31, 2008, a copy of which is annexed hereto as Exhibit O (see page 3); (2) to file and serve an Amended Complaint with Jury Demand, dated March 28, 2008, a copy of which is annexed hereto as Exhibit P (see page 7, paragraph 22); and (3) to supply a Supplemental Correction Affidavit pertaining to MR. MERRING's 50-h hearing, sworn to March 31, 2008, a copy of which is annexed hereto as Exhibit Q, pertaining, in particular, to the testimony on pages 34 and 35 of the 50-h hearing transcript.

13. The Amended Complaint was served in accordance with a Schedule provided in the Court's Civil Discovery Plan and Scheduling Order, which directed that amended pleadings may be filed until March 31, 2008. Exhibit J. Defendants have not yet served an Answer to the Amended Complaint.

14. Responses to the Interrogatories were due within thirty (30) days after service, or on or about March 31, 2008. Exhibit J, paragraph 1, pertaining to discovery; FRCP Rule 33(b)(3). Responses to the Request for Documents were due also on or about March 31, 2008. FRCP Rule 34(b). To date, no such discovery has been provided pursuant to such demands, although such responses have been the subject of a series of correspondences from your Affirmant to counsel for the defendants, dated March 28, April 22, and May 1, 2008, copies of which are annexed hereto collectively as Exhibit R.

15. Annexed hereto are copies of the following documents enumerated as Exhibits as follows:

S. Statement from Tuxedo Auto Body, Inc., dated December 4, 2006, reflecting the cost of $108.13 that MR. MERRING had to bear to retrieve his impounded automobile on December 4, 2006;

T. The Criminal Information, signed by POLICE OFFICER DELIA in the Town of Tuxedo, County of Orange, State of New York, by which MR. MERRING was charged with a violation of Section 265.01 of the New York State Penal Law, criminal possession of a weapon in the Fourth Degree, a Class A misdemeanor, stemming from his arrest on December 4, 2006;

       U.     Uniform Traffic Ticket Number MDT200533K, by which OFFICER DELIA charged MR. MERRING with speeding, going 72 mph in a 55 mph zone, in violation of Section 1180(b) of New York State Vehicle and Traffic Law, a traffic infraction;

       V.     Order Suspending License, dated January 10, 2007, signed by the Hon. Carl F. Becker, Delaware County Court Judge, by which MR. MERRING's pistol permit was suspended;

       W.     Order Reinstating License, dated February 27, 2007, by which MR. MERRING's pistol permit was reinstated, also signed by Judge Becker;

       X.     Notice from the New York State Office of Children and Family Services, dated May 19, 2008, directed to MR. MERRING at his address in Delancey, New York, advising that the allegations against him of suspected child abuse or maltreatment have been determined to be unfounded;

       Y.     Notice from the Orange County Department of Social Services, dated May 21, 2008, at his address in Delancey, advising that the Child Protective Services of the Orange County Department of Social Services has recommended that the allegations against him regarding child safety issues be determined to be unfounded.

       16.     MR. MERRING was deposed on March 7, 2008, pursuant to FRCP Rule 30 and paragraph 3(d) of the Court's Order pertaining to disclosure. Exhibit J. As the Court can see from the selected portions only of the transcript annexed as Exhibit D to the defendants' moving papers, this transcript is unsigned and consists in its entirety of seventy-seven (77) pages. This transcript has not been transmitted to your Affirmant as

counsel for the plaintiff, and that is why it is unsigned. Your Affirmant and MR. MERRING have never had an opportunity to review the transcript in its entirety, as we are not in receipt of a full copy of the transcript and only in receipt of that which is annexed as Exhibit D to the defendants' moving papers, which consists only of the following twenty-eight (28) pages out of the entire seventy-seven (77) pages: 1-4, 8, 9, 14, 18, 25-27, 29, 32-38, 42-44, 46-47, 57, 59, 60, and 77. It is respectfully submitted that the selected portions of this unsigned transcript, submitted by the defense herein, are inadmissible in evidence and should be disregarded by the Court. FRCP 56(e); Local Civil Rule 56.1(d).

      17.    Pursuant to Local Rule 56.1, the Court is respectfully referred to plaintiff's Counter Statement of Facts.

      18.    The Court is also respectfully directed to the Affidavit of the plaintiff herein, ERIC K. MERRING, sworn to the 7th day of July, 2008, and annexed hereto, for a factual recitation based upon personal knowledge.

      19.    The Court is also respectfully referred to plaintiff's Memorandum of Law pertaining to the issue of qualified immunity.

WHEREFORE, your Affirmant respectfully requests that the Motion for Judgment pursuant to Rule 56(c) by the defendants herein on the Affirmative Defense of qualified immunity be denied in its entirety, together with such other and further relief as to the Court may seem just and proper.

Dated: Poughkeepsie, NY
       July 7, 2008

_____
LEE DAVID KLEIN (LDK 2270)