*No parties added*
*No summons issued*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ECF CASE**

-----------------------------------------------------------------------X

ERIC K. MERRING,

                              Plaintiff,

**CV NO.:
07CV10381**

        - against -

THE TOWN OF TUXEDO, NEW YORK, THE TOWN OF
TUXEDO POLICE DEPARTMENT, TOWN OF TUXEDO
POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER
24, TOWN OF TUXEDO POLICE SERGEANT PATRICK
WELSH, SHIELD NUMBER 17,

**AMENDED
COMPLAINT
WITH JURY
DEMAND**

                         Defendants.

**Assigned to:
Hon. Charles L. Brieant,
United States District Judge**

-----------------------------------------------------------------------X

        Plaintiff, ERIC K. MERRING (hereinafter "plaintiff" or

"MERRING"), in the above-captioned action, by his attorney, LEE DAVID KLEIN,

ESQ., complaining of the defendants herein, does hereby complain and sets forth and

alleges as follows:

### JURISDICTION AND VENUE:

        1.      This is a civil action brought pursuant to Title 42 of the United

State Code, Sections 1983 and 1985, seeking relief and/or damages to defend and protect

the rights guaranteed to the plaintiff by the Constitution and laws of the United States.

Accordingly, the jurisdiction of this Court is invoked by plaintiff pursuant to Title 28 of

the United States Code, Sections 1331 and 1343, federal common law and the Court's

pendent jurisdiction.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

2.     This Court has supplemental jurisdiction over claims relating to violations of the Constitution and laws of the State of New York, pursuant to Title 28 of the United States Code, Section 1367.

3.     The controversies in this case are justiciable, capable of disposition, and plaintiff has a personal stake in the outcome.

4.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     Venue is placed in this district, pursuant to 28 U.S.C. 1391, because it is where the defendants reside and where all the events complained of occurred.

## JURY DEMAND:

6.     Plaintiff demands a trial by jury on all issues, pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

## NATURE OF THE PROCEEDINGS:

7.     This is an action for compensatory and punitive damages owing to the plaintiff as a result of the acts and/or omissions of the defendants.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
—
TEL: (845) 454-9200

2

## **PARTIES:**

8.    At all times hereinafter mentioned, MERRING was and remains a citizen of the United States of America, and a resident of the County of Delaware, State of New York, residing at 343 Bob Holloway Road, Delancey, New York 13752.

9.    Upon information and belief, at all times hereinafter mentioned, defendant THE TOWN OF TUXEDO ("TOWN") was and remains a municipal corporation, incorporated and operating under the laws of the State of New York and located in the County of Orange, State of New York.

10.    Upon information and belief, at all times hereinafter mentioned, defendant THE TOWN OF TUXEDO POLICE DEPARTMENT ("POLICE DEPARTMENT") was and remains a municipal agency operating under the laws of the State of New York, under the supervision and control of the defendant TOWN, and located in the Town of Tuxedo, County of Orange, State of New York, at 1075 State Route 17, Tuxedo, New York 10987.  Upon information and belief, the POLICE DEPARTMENT was and is the principal law enforcement agency for the TOWN.

11.    Upon information and belief, and at all times relevant herein, defendant TOWN OF TUXEDO POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER 24 (hereinafter referred to as "OFFICER DELIA" or "DELIA"), was and is a citizen of the United States, and currently resides in the State of New York, with a last known business address at TOWN OF TUXEDO POLICE DEPARTMENT, located at 1075 State Route 17, Tuxedo, New York 10987.  OFFICER DELIA is a party to this action individually and in his capacity as an agent of the TOWN and/or the POLICE

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
———
TEL: (845) 454-9200

3

DEPARTMENT. At all times relevant to this action, OFFICER DELIA, was, upon information and belief, a Police Officer duly employed by the TOWN and/or the POLICE DEPARTMENT. Additionally, at all times relevant to this action, OFFICER DELIA was acting and/or holding himself out as acting within the scope of his employment with the TOWN and/or the POLICE DEPARTMENT. OFFICER DELIA is being sued individually and in his official capacity.

12.     Upon information and belief, and at all times relevant herein, defendant TOWN OF TUXEDO SERGEANT PATRICK WELSH, SHIELD NUMBER 17, (hereinafter referred to as "SERGEANT WELSH" or "WELSH"), was and is a citizen of the United States, and currently resides in the State of New York, with a last known business address at TOWN OF TUXEDO POLICE DEPARTMENT, located at 1075 State Route 17, Tuxedo, New York 10987. SERGEANT WELSH is a party to this action individually and in his capacity as an agent of the TOWN and/or the POLICE DEPARTMENT. At all times relevant to this action, SERGEANT WELSH, was, upon information and belief, a Police Sergeant duly employed by the TOWN and/or the POLICE DEPARTMENT. Additionally, at all times relevant to this action, SERGEANT WELSH was acting and/or holding himself out as acting within the scope of his employment with the TOWN and/or the POLICE DEPARTMENT. SERGEANT WELSH is being sued individually and in his official capacity.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

4

## RIGHTS:

13.     Plaintiff has a right to be free from illegal searches and seizures of his person; a right to be free from unlawful arrest, detention, and imprisonment; a right to be free of any conspiracy to deprive him of those rights; and a right to equal protection of the laws; civil rights secured to plaintiff by the Second, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and by Title 42 of the United States, 42 Code, Sections 1983 and 1985, as well as the Constitution and laws of the State of New York.

## DUTIES:

14.     Upon information and belief, at all times hereinafter mentioned, defendant POLICE DEPARTMENT had and still has full power and authority to provide initial and ongoing training, and to supervise and control the conduct and action of police officers employed by it and/or defendant TOWN, in the exercise of police functions.

15.     Upon information and belief, at all times hereinafter mentioned, it was and remains the duty and special duty of the defendant POLICE DEPARTMENT, owed to plaintiff, to monitor, supervise, and control the conduct and actions of the aforesaid police officers employed by it and/or defendant TOWN, in the exercise of police functions.

16.     Upon information and belief, at all times hereinafter mentioned, defendant TOWN had and still has full power and authority to provide initial and ongoing

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
TEL: (845) 454-9200

5

training and to supervise and control the conduct and action of police officers employed by it and/or defendant POLICE DEPARTMENT, in the exercise of police functions.

17.     Upon information and belief, at all times hereinafter mentioned, it was and remains the duty and special duty of the defendant TOWN, owed to plaintiff, to monitor, supervise and control the conduct and actions of the aforesaid police officers employed by it and/or defendant POLICE DEPARTMENT, in the exercise of police functions.

18.     Upon information and belief, at all times hereinafter mentioned, it was and remains the duty of defendants OFFICER DELIA and SERGEANT WELSH, owed to plaintiff, to carry out their official police duties in a manner that is consistent with the Constitution and laws of New York State and the United States of America.

19.     At all times relevant herein, it is alleged that all defendants breached these duties owed to plaintiff.


**ALLEGATIONS:**

20.     On December 4, 2006, at approximately 9:00 a.m., MERRING was operating his motor vehicle south bound on Route 17, in the Town of Tuxedo, County of Orange, State of New York. Defendant DELIA, undertook a vehicle and traffic stop, in a marked police vehicle. MERRING complied by pulling over on Stone Ridge Road in the Town of Tuxedo. OFFICER DELIA pulled in behind MERRING. OFFICER DELIA, in an angry manner, asked for the plaintiff's driver's license, registration, and insurance card. Plaintiff complied and provided the same. Plaintiff volunteered the information to

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
TEL: (845) 454-9200

6

OFFICER DELIA that he was carrying on his person a handgun duly licensed and permitted in New York State. OFFICER DELIA inquired as to the reason for his being armed. Plaintiff advised that he had a valid full-carry permit and that he was on his way to his employment at a sporting good store. OFFICER DELIA advised that this was not a valid reason. OFFICER DELIA made a cellular telephone call, and thereafter another TOWN OF TUXEDO marked police vehicle pulled in behind the plaintiff's vehicle, with emergency lights flashing.

21.    SERGEANT WELSH exited this latter vehicle and approached plaintiff's vehicle and inquired as to the reason that the plaintiff was carrying his duly licensed handgun. The plaintiff responded that he has a full, unrestricted license to carry a handgun in New York State issued by Delaware County, and that he was on his way to his employment at a sporting good store, at which his employment duties included selling firearms. SERGEANT WELSH replied that this is not a valid reason.

22.    SERGEANT WELSH directed the plaintiff to step out of his vehicle. The plaintiff asked why and exited his vehicle. SERGEANT WELSH told him to put his hands up. SERGEANT WELSH then conducted a search of the plaintiff's person. SERGEANT WELSH removed the handgun from its holster on the person of the plaintiff. SERGEANT WELSH then began to search the plaintiff and seized a legal folding knife from his pants pocket, claimed it was an illegal knife, a gravity knife in violation of New York State Penal Law. SERGEANT WELSH then advised the plaintiff to put his hands behind his back and advised him that he was under arrest. The plaintiff inquired as to what charge, and SERGEANT WELSH advised him that he was in

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
—
TEL: (845) 454-9200

7

possession of a gravity knife, which, according to SERGEANT WELSH, was illegal to possess in New York State. The plaintiff was then placed in handcuffs behind his back and placed in the back OFFICER DELIA's patrol car.

23.     Without any consent from the plaintiff, SERGEANT WELSH and OFFICER DELIA conducted an illegal search of plaintiff's motor vehicle, retrieving an old stick. SERGEANT WELSH advised plaintiff that he was going to be charged as well for that.

24.     SERGEANT WELSH inquired repeatedly thereafter as to the plaintiff's valid reason for having a firearm on his person, to which plaintiff responded repeatedly, while he remained in handcuffs in the back of OFFICER DELIA's marked police vehicle, that he had a full unrestricted license to carry a handgun, in response to which SERGEANT WELSH claimed that that was not a reason for being armed. SERGEANT WELSH inquired as to whether the plaintiff had any weapons at his girlfriend's house and asked if there were any automatic weapons there, to which the plaintiff responded in the negative. SERGEANT WELSH inquired as to the licensing process for handguns in New York State, to which the plaintiff responded, advising SERGEANT WELSH of the process by which a permit is applied for. Plaintiff's vehicle, although at a safe location, was towed at the direction of SERGEANT WELSH and/or OFFICER DELIA without plaintiff's permission.

25.     Plaintiff was taken in OFFICER DELIA's marked police vehicle to the POLICE DEPARTMENT headquarters, located at 1075 State Route 17, Tuxedo, New York 10987.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
———
TEL: (845) 454-9200

8

26.     OFFICER DELIA directed the plaintiff to sit down at a desk. SERGEANT WELSH then presented the plaintiff with a copy of the New York State Penal Law and directed the plaintiff to read it. The plaintiff read and advised that the portion referred to did not apply to him. SERGEANT WELSH became angry and raised his voice and told the plaintiff in sum and substance: "Yes, it fucking does. I've been doing this for eleven (11) years. I know what I'm doing. Eight (8) of those years as Sergeant." Plaintiff was required to remove his belt, empty his pockets, and then SERGEANT WELSH directed plaintiff to a holding cell. Plaintiff was then held in a holding cell.

27.     SERGEANT WELSH repeatedly came to the plaintiff inquiring as to the licensing system for handguns in New York State. SERGEANT WELSH repeatedly advised that he did not like guns, that he hated guns, that he hated that plaintiff had a gun and that the plaintiff was "with the NRA." Plaintiff responded that the SERGEANT had a gun. The SERGEANT responded, in sum and substance: "I am a good shot."

28.     Some time thereafter, the plaintiff was subjected to the booking process, including fingerprinting and photographing, and was seated with the SERGEANT for further paperwork regarding arrest processing to be finalized. The SERGEANT required the plaintiff to post $100.00 bail in order to be released. It was only at that time that OFFICER DELIA advised plaintiff that a Uniform Traffic Ticket was being issued, claiming that the plaintiff was traveling at 69 mph in a zone in which the speed limit was 55 mph, and then OFFICER DELIA yelled loudly at the plaintiff, in

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

9

sum and substance: "Get out of my office." Plaintiff was permitted to leave the police station after he had been charged with a violation of Penal Law Section 265.01, criminal possession of a weapon in the fourth degree, a Class A misdemeanor under New York State Penal Law, and given an appearance ticket for the same, directing him to appear in the Town of Tuxedo Justice Court on December 28, 2006, at 4:30 p.m. Copies of the Information and Appearance Ticket are annexed hereto as Exhibit A. Plaintiff was also issued a Uniform Traffic Ticket Number MDT200533K, charging him with Vehicle and Traffic Law Section 1180(b), speeding in a 55 mph zone, going 72 mph in a 55 mph zone, a traffic infraction. A copy of said Uniform Traffic Ticket is annexed hereto as Exhibit B.

29.     Plaintiff was made to retrieve his vehicle, which had been towed at the direction of defendants, and was made to incur a monetary expense in doing so, reflected in a receipt from "Tuxedo Auto Body, Inc., dated December 4, 2006," a copy of which is annexed hereto as Exhibit C.

30.     Upon information and belief, said defendants POLICE OFFICER DELIA and/or SERGEANT WELSH, notified the Delaware County Sheriff regarding such arrest, resulting in an Order being issued by a Delaware County Judge, a copy of which is annexed hereto as Exhibit D, suspending plaintiff's pistol permit, reflecting a conspiracy on the part of said defendants to deprive plaintiff of his civil rights.

31.     On January 25, 2007, before the Hon. Hume Styer, Town of Tuxedo Justice Court Judge, the aforesaid charges were resolved as follows: the claimant pleaded guilty to a violation of Vehicle and Traffic Law Section 1201(a), stopping or

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

10

parking on the pavement, a traffic infraction, in satisfaction of the speeding ticket, and a fine of $100.00 was imposed, which was paid by the claimant at Court.  The charge of criminal possession of a weapon in the fourth degree, the Class A misdemeanor, under Vehicle and Traffic Law Section 265.01, was dismissed.  A copy of the Certificate of Disposition is annexed hereto as Exhibit E.

32.     At all times mentioned in this Complaint, defendants SERGEANT WELSH and OFFICER DELIA were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customers and usages of the United States, the State of New York, and the TOWN OF TUXEDO.

33.     Plaintiff was humiliated and embarrassed in front of his father and publicly.

34.     Plaintiff was arrested without probable cause.

35.     Plaintiff was arrested in the absence of a warrant.

36.     Plaintiff's person and car were illegally searched.

37.     Plaintiff's personal property was illegal seized, and has not yet been returned to him.

38.     Plaintiff was held in custody with his  hands in handcuffs behind his back in the back seat of a marked police vehicle and detained in a holding cell at the POLICE DEPARTMENT prior to be allowed to return to his home.

39.     Plaintiff was subjected to verbal abuse and intimidation from defendants OFFICER DELIA and SERGEANT WELSH.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

11

40.     Due to the actions of one or more of the defendants, plaintiff suffered physical, emotional, and financial injury.

41.     As a result of the acts of one or more of the defendants, and the breaches of the duties owed to the plaintiff by the defendants, plaintiff was subjected to unlawful harassment and intimidation; unlawful detention and false and unlawful arrest; illegal search; unlawful and false placement in handcuffs in the back seat of a marked police patrol vehicle; false imprisonment; embarrassment and humiliation before his father; public humiliation; and plaintiff suffered violations of his civil rights under New York State and Federal Law and the New York State and United States Constitutions.

42.     Plaintiff was required to incur legal expenses in order to properly and adequately defend against these false charges, and lost time from his employment.

43.     Notice of plaintiff's claims against defendants TOWN and POLICE DEPARTMENT, setting forth the nature of the claims, the description of the time, place and manner in which the injuries were sustained by the plaintiff and the name and post office address of the plaintiff and of his attorneys, was presented to the governing body of said defendants on or about March 1, 2007.

44.     The Notice of Claim was filed within the statutory time period for the filing of said Notice of Claim, provided by New York State General Municipal Law.

45.     At least thirty (30) days have elapsed since service of such Notice of Claim without payment or adjustment of such claim and adjustment or payment thereof has been rejected or refused.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

12

## CAUSES OF ACTION:

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS:

46.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 45, as if set forth at length herein.

47.     The acts of defendants described above were all performed with malice and premeditation under color of state law with willful and wanton disregard of plaintiff's civil rights under the Second, Fourth, Fifth and Fourteenth Amendments of the Constitution and in contravention of the letter and spirit of 42 U.S.C. Sections 1983 and 1985, and defendant POLICE OFFICERS conspired to deprive plaintiff of such rights.

48.     As a result of these acts, plaintiff has suffered great emotional trauma, physical discomfort, embarrassment; was deprived of his liberty; his personal reputation was impaired; was forced to retain counsel at monetary expense to represent him in criminal proceedings stemming from his illegal arrest; and was required to employ and did employ the undersigned attorney to prosecute this action, thereby becoming obligated to pay said attorney a reasonable fee for their services in connection with and in furtherance of this action arising out of the conduct of the defendants.

49.     By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:

50.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 49, as if set forth at length herein.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
—
TEL: (845) 454-9200

13

51. In doing the acts and things complained of, defendants were conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive plaintiff of civil rights guaranteed to him under the Second, Fourth, Fifth and Fourteenth Amendments of the Constitution and in contravention of the letter and spirit of 42 U.S.C. Sections 1983 and 1985.

52. As a direct consequence and result of the acts of defendants hereinabove complained of, plaintiff was deprived of his liberty; denied due process of law; and denied equal protection of the law; suffered much anxiety and distress, discomfort, embarrassment and humiliation; was required to spend substantial sums of money for legal representation and other expenses, such as towing expenses, associated with legal proceedings defending himself against criminal charges arising from defendants' illegal acts against him; and was required to divert substantial time, effort and resources from employment and employment opportunities.

53. By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

14

# AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE DEFENDANTS TOWN AND POLICE DEPARTMENT:

54.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 53, as if set forth at length herein.

55.     Upon information and belief, at all relevant times, the TOWN and/or the POLICE DEPARTMENT, negligently and/or intentionally acted under color of state law, engaged in a pattern and practice of acts and omissions and/or sanctioned a pattern and practice of actions and/or conduct and/or omissions by its officers designed to and/or which had the effect of depriving individuals of their clear rights under the Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

56.     Upon information and belief, at all relevant times, the TOWN and/or the POLICE DEPARTMENT, negligently and/or intentionally failed to properly train and/or supervise their law enforcement agents as to the appropriate and reasonable methods for identifying the commissions of acts sufficient to justify legal arrest and/or effectuation of legal and reasonable arrests.

57.     Upon information and belief, at all relevant times, the TOWN and/or the POLICE DEPARTMENT, negligently and/or intentionally acted under color of state law, engaged in a pattern and practice and/or sanctioned a pattern and practice of actions and/or conduct by its officers designed to and/or which had the effect of depriving individuals of their clear rights under the Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

15

58.     Upon information and belief, at all relevant times, the TOWN and/or the POLICE DEPARTMENT, negligently and/or intentionally failed to properly train and/or supervise their law enforcement agents as to the appropriate and reasonable methods for identifying the commissions of acts sufficient to justify legal arrests and/or effectuation of legal and reasonable arrests.

59.     Based upon the foregoing, one and/or more of the above municipalities are vicariously liable for the violations of plaintiff's constitutional rights by one and/or more of its/their respective employees.

60.     Based upon the foregoing, one or more of the above-named defendants violated 42 U.S.C. Section 1983, given that these actions were undertaken under color of state law.

61.     That as a direct and proximate result of the unconstitutional acts described above, the plaintiff has been injured, and hereby demands the sum of ONE MILLION DOLLARS ($1,000,000.00).


**AS AND FOR A FOURTH CAUSE OF ACTION,
AGAINST DEFENDANTS DELIA and WELSH FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS:**


62.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 61, as if set forth at length herein.

63.     Defendants DELIA and WELSH intentionally engaged in behavior that harassed and intimidated the plaintiff and falsely detained, arrested, and charged the

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

16

plaintiff maliciously and in a manner that was extreme, outrageous, unjustified, and done with actual malice and wanton indifference to and deliberate disregard for the civil rights of plaintiff, causing plaintiff to suffer physical and emotional distress for which said defendants are individually liable.

64.     By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

### AS AND FOR A FIFTH CAUSE OF ACTION, AGAINST DEFENDANTS TOWN AND POLICE DEPARTMENT:

65.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 64, as if set forth at length herein.

66.     At all times relevant hereto, defendants DELIA and WELSH were acting within the scope of their employment as officers of POLICE DEPARTMENT and TOWN.

67.     The defendants TOWN and POLICE DEPARTMENT are liable for compensatory damages under the doctrine of respondeat superior for the intentional torts of defendants DELIA and WELSH committed within the scope of their employment.

68.     By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
——
TEL: (845) 454-9200

17

## AS AND FOR A SIXTH CAUSE OF ACTION,
## AGAINST ALL DEFENDANTS FOR NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS:

69.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 68, as if set forth at length herein.

70.     One and/or more of the above named defendants, through gross negligence, negligence and carelessness, caused plaintiff to be wrongfully detained, arrested, searched, and interrogated. This conduct resulted in unreasonable physical and emotional harm to the plaintiff.

71.     Upon information and belief, the defendants, TOWN and/or the POLICE DEPARTMENT  knew or should have known that the defendants, OFFICER DELIA and/or SERGEANT WELSH were wrongfully detaining and/or interrogating the plaintiff, yet they failed to act.

72.     This conduct on the part of the defendants constitutes negligent infliction of emotional distress.

73.     That as a direct and proximate result of the acts described above, the plaintiff has been irreparably injured, and hereby demands the sum of ONE MILLION DOLLARS ($1,000,000.00).

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

18

## AS AND FOR A SEVENTH CAUSE OF ACTION, AGAINST DEFENDANTS TOWN AND POLICE DEPARTMENT FOR NEGLIGENCE:

74.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 73, as if set forth at length herein.

75.     Defendant TOWN and POLICE DEPARTMENT owed plaintiff a duty to properly and adequately train, monitor, supervisor and otherwise control their police officers in the exercise of police functions.

76.     Defendants TOWN and POLICE DEPARTMENT failed to provide proper and adequate training, supervision, and control of defendants DELIA and WELSH, which failure constitutes negligence.

77.     As a proximate course of the said negligence of TOWN and POLICE DEPARTMENT, plaintiff sustained the injuries and violations of his rights as aforesaid.

78.     Said negligence constituted a wilful and wanton indifference and deliberate disregard for the rights of private citizens, including plaintiff.

79.     By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A EIGHTH CAUSE OF ACTION, AGAINST DELIA AND WELSH:

80.     Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 79, as if set forth at length herein.

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
—
TEL: (845) 454-9200

19

81.    Defendants DELIA and WELSH used criminal process against plaintiff in order to harass him and in order to cover up their own wrongdoing and to avoid civil liability for their own acts relating to intimidating the plaintiff, and wrongfully taking him into custody by force without warrant or probable cause that any crime had been committed.

82.    Said defendants falsely arrested and falsely imprisoned plaintiff.

83.    As a proximate result of this malicious abuse of process, false arrest, and false imprisonment, plaintiff suffered the damages as aforesaid.

84.    By reason of the foregoing, plaintiff seeks an award of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A NINTH CAUSE OF ACTION FOR PUNITIVE DAMAGES AGAINST ALL DEFENDANTS:

85.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein above in paragraphs 1 through 84, as if set forth at length herein.

86.    The acts, conduct and behavior of the defendants, and each of them, were performed knowingly, intentionally, maliciously, and conspiratorially, and were so egregious as to shock the conscience.

87.    By reason of the foregoing, plaintiff is entitled to an award of punitive damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
—
TEL: (845) 454-9200

20

## AS AND FOR A NINTH CAUSE OF ACTION FOR
## ATTORNEYS' FEES AGAINST ALL DEFENDANTS:

88.     Plaintiff repeats, reiterates and realleges each and every allegation

set forth herein above in paragraphs 1 through 87, as if set forth at length herein.

89.     By reason of the foregoing, plaintiff is entitled to an award of

reasonable attorneys' fees, pursuant to 42 U.S.C. Section 1988.


WHEREFORE, plaintiffs demand judgment against the defendants as

follows:

a.      On the First Cause of Action, the sum of ONE MILLION

DOLLARS ($1,000,000.00); and,

b.      On the Second Cause of Action, the sum of ONE MILLION

DOLLARS ($1,000,000.00); and,

c.      On the Third Cause of Action, the sum of ONE MILLION

DOLLARS ($1,000,000.00); and,

d.      On the Fourth Cause of Action, the sum of ONE MILLION

DOLLARS ($1,000,000.00); and,

e.      On the Fifth Cause of Action, the sum of ONE MILLION

DOLLARS ($1,000,000.00); and,

f.      On the Sixth Cause of Action, the sum of ONE MILLION

DOLLARS ($1,000,000.00); and,

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

21

g.      On the Seventh Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

h.      On the Eighth Cause of Action, the sum of FIVE MILLION DOLLARS ($5,000,000.00);

i.      On the Ninth Cause of Action, reasonable attorneys' fees;

j.      Costs and disbursements; and,

k.      Such other and further relief as to this Court seems just and proper in the premises.

Dated: Poughkeepsie, New York
      March 28, 2008

Lee David Klein, Esq. (LDK 3270)
Attorney for Plaintiff
11 Market Street, Suite 204
Poughkeepsie, NY 12601
845-454-9200

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ECF**

--------------------------------------------------------------------X

ERIC K. MERRING,

                        Plaintiff,

**CV NO.:**
**07 CV 10381 CLB**

     - against -

THE TOWN OF TUXEDO, NEW YORK, THE TOWN OF
TUXEDO POLICE DEPARTMENT, TOWN OF TUXEDO
POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER
24, TOWN OF TUXEDO POLICE SERGEANT PATRICK
WELSH, SHIELD NUMBER 17,

**AFFIDAVIT**
**OF SERVICE**

**Assigned to:**
**Hon. Charles L. Brieant,**
**United States District Judge**

                        Defendants.

--------------------------------------------------------------------X

STATE OF NEW YORK     )
                          ) ss.:
COUNTY OF DUTCHESS  )

       SUSAN SAMMUT, being duly sworn, deposes and says, that deponent is
not a party to this action, is over 18 years of age and resides in Rhinebeck, New York; that
on the 28th day of March, 2008, deponent served a true and correct copy of **an
AMENDED COMPLAINT WITH JURY DEMAND, in** this matter upon:

John J. Walsh, Esq.
Hodges, Walsh & Slater, LLP
Attorneys for Defendants
55 Church Street, Suite 211
White Plains, NY 10601

LEE DAVID KLEIN, ESQ.
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601

TEL: (845) 454-9200

at the address designated by said attorney(s) for that purpose via Federal Express.

_____
SUSAN SAMMUT

Sworn to before me this
28th day of March, 2008.

_____
Notary Public

**LEE DAVID KLEIN**
Notary Public, State of New York
Qualified in Dutchess County
Commission Expires Oct. 14, 20__

LEE DAVID KLEIN, ESQ
ATTORNEY AT LAW
11 MARKET STREET
SUITE 204
POUGHKEEPSIE
NEW YORK 12601
TEL: (845) 454-9200

2