UNITED STATES DISTRICT COURT  ECF
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ERIC K. MERRING,  CV NO.:
 07 CV 10381 CLB

                      Plaintiff,

    - against -

THE TOWN OF TUXEDO, NEW YORK, THE TOWN OF TUXEDO POLICE DEPARTMENT, TOWN OF TUXEDO POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER 24, TOWN OF TUXEDO POLICE SERGEANT PATRICK WELSH, SHIELD NUMBER 17,

                      Defendants.

-------------------------------------------------------------------------X


## MEMORANDUM OF LAW IN OPPOSITION


**Submitted on behalf of Plaintiff ERIC K. MERRING**
**By his attorney**

**LEE DAVID KLEIN, ESQ.**
**11 Market Street, Suite 204**
**Poughkeepsie, New York 12601**

**PRELIMINARY STATEMENT:**

This Memorandum of Law is submitted on behalf of the plaintiff herein, ERIC K. MERRING, in opposition to the Memorandum of Law submitted on behalf of the defendants POLICE OFFICER ANTHONY DELIA and SERGEANT PATRICK WELSH by their counsel, and dated April 15, 2008.

Defendants' Memorandum of Law is submitted in support of their Motion made Pursuant to FRCP 56, by which they are seeking summary judgment with respect to the Fourth Affirmative Defense set forth in their Answer, dated December 26, 2007, alleging that they are entitled to a grant of qualified immunity.

Further, this Motion by defendants is made pursuant to paragraph 3(d) of the Civil Case Discovery Plan and Scheduling Order of this Court, dated January 25, 2008, which followed a preliminary conference with the Court. This provision requires such Motion to be made within a certain time frame with respect to the defense of qualified immunity and limited to that issue. Further, the Court's Order directs as follows: "Plaintiff's version of the events shall be assumed true for purposes of the Motion." It is respectfully submitted that this is consistent with well-settled law. On a motion for summary judgment, the Trial Court is required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and not to engage in the assessment of respective credibilities. Anderson v. Liberty Lobby, Inc., 477 US 242, 255, 91 L.Ed. 2d 202, 106 S.Ct. 2505 (1986); Weyant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996).

Moreover, on a motion for summary judgment, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." FRCP 56(e).

It is respectfully submitted that defendants' Motion must fail due to insufficiency. It includes no supporting Affidavit from any person with personal knowledge. There is no Affidavit from defendant DELIA or defendant WELSH. The majority of the material allegations in defendants' Statement of Facts pursuant to Local Civil Rule 56.1 are supported by citations of selected portions only of the transcript of the hearing held pursuant to New York State General Municipal Law Section 50-h of MR. MERRING on June 6, 2007, and signed and sworn to by him on August 22, 2007. Exhibit C. Other material allegations are supported by counsel by citations to selected portions of the deposition of MR. MERRING that took place on March 7, 2008, which deposition has not been forwarded by counsel for review and signature. Therefore, the signature page is unsigned, as MR. MERRING has not had an opportunity to review the same. Exhibit D. It is respectfully submitted that the citations to Exhibit D and the Exhibit itself should be disregarded as not admissible.

Defendants' Answer to the Complaint contains wholesale denials with respect to virtually every material allegation of fact set forth in the Complaint, as reflected

3

in the markings on the left margin of a copy of the Complaint included at Exhibit A of the defendants' moving papers at paragraphs 20 through 45 inclusive. Exhibits A and B.

Therefore, in the absence of any sworn testimony by Affidavit form or deposition from anyone on behalf of the defendants with personal knowledge, it is respectfully submitted, that all of the material allegations of the Complaint present genuine issues of fact which must be tried. Judgment as a matter of law on the issue of qualified immunity cannot be granted as a matter of law, upon the ground that the defendants' moving papers are deficient. Plaintiff's sworn version of the events must be deemed true for the purposes of this Motion, and defendants have failed to demonstrate that there is no genuine issue of fact to be tried.

In the event that the Court is disinclined to deny the defendants' Motion based upon the foregoing, it is respectfully submitted then that the Court consider the following discussion.

Defendants have claimed an affirmative defense of qualified immunity based upon their status as public officials. Exhibit B, Fourth Affirmative Defense. Such defense is available to them as a general rule "if (1) their conduct does not violate clearly established Constitutional rights or (2) it was objectively reasonable for them to believe that their acts did not violate those rights." Weyant v. Okst, *supra*, 101 F.3d at 857 (citations omitted). This general rule is not applicable to those whose conduct reflects that they are "plainly incompetent or those who knowingly violate the law." *Id.* at 858 (citation omitted). The application of these rules is based upon an objective standard,

"whether 'a reasonable officer could have believed' his action 'to be lawful, in light of clearly established law and the information [he] possessed.'" *Id.* (Citations omitted).

It is respectfully submitted that the following were objectively reasonable:

1. OFFICER DELIA, undertaking a vehicle and traffic stop, requesting that MR. MERRING produce documentation normally associated with such a traffic stop, such as drivers license, registration, and proof of insurance;

2. Upon MR. MERRING advising that he was carrying a pistol pursuant to a valid New York State pistol permit, OFFICER DELIA requesting that MR. MERRING produce such pistol permit;

3. OFFICER DELIA or SERGEANT WELSH directing MR. MERRING to exit his vehicle so as to identify and ascertain the location of the permitted firearm as a result of MR. MERRING volunteering information pertaining to his possession of the same and carrying it on his person.

4. OFFICER DELIA issuing a Uniform Traffic Ticket to MR. MERRING alleging a violation of the New York State Vehicle and Traffic Law as a traffic infraction.

It is respectfully submitted that the following conduct by OFFICER DELIA and/or SERGEANT WELSH did violate clearly established Constitutional rights, and it was objectively unreasonable for OFFICER DELIA and SERGEANT WELSH to believe that their acts did not violate those rights:

1. SERGEANT WELSH directing MR. MERRING to raise his hands;

    2. SERGEANT WELSH conducting a search of MR. MERRING's person;

    3. SERGEANT WELSH seizing the folding knife from MR. MERRING;

    4. SERGEANT WELSH alleging that the folding knife was a gravity knife, after manipulating the blade to an open position, and not opening the same by gravity or centrifugal force alone;

    5. SERGEANT WELSH seizing MR. MERRING's duly licensed handgun;

    6. SERGEANT WELSH placing MR. MERRING under arrest for criminal possession of a weapon in the fourth degree;

    7. SERGEANT WELSH placing MR. MERRING in custody and placing him in handcuffs;

    8. SERGEANT WELSH and OFFICER DELIA searching MR. MERRING's vehicle and taking property out of the vehicle and seizing the same, including a stick;

    9. SERGEANT WELSH interrogating and harassing MR. MERRING about having a pistol permit and being a member of the National Rifle Association;

    10. SERGEANT WELSH and OFFICER DELIA arranging for OFFICER DELIA to transport MR. MERRING in handcuffs, behind his back in a patrol car to the TOWN OF TUXEDO POLICE DEPARTMENT in custody;

11. SERGEANT WELSH interrogating and berating MR. MERRING for his membership in the National Rifle Association and for having a valid pistol permit;

12. SERGEANT WELSH placing MR. MERRING in a jail cell at the police station;

13. SERGEANT WELSH requiring MR. MERRING to post bail with him;

14. SERGEANT WELSH charging MR. MERRING by misdemeanor Complaint with a violation of New York State Penal Law Section 265.01, criminal possession of a weapon in the fourth degree, a Class A misdemeanor, alleging that MR. MERRING was in possession of a gravity knife, when the knife was not a gravity knife; and,

15. SERGEANT WELSH intimidating and interrogating MR. MERRING and berating him.

The following constitutes a rebuttal to the Memorandum of Law of defense counsel, utilizing the captions utilized by counsel:

**DEFENDANTS ARE NOT ENTITLED TO A QUALIFIED IMMUNITY DEFENSE ON PLAINTIFF'S CLAIMS OF UNLAWFUL SEARCH AND SEIZURE:**

It is conceded that claims regarding unlawful search and seizure are analyzed under federal law. United States v. Scopo, 19 F.3d 777, 785 (2d Cir. 1994);

United States v. Pforzheimer, 826 F.2d 200, 204 (2d Cir. 1987). It is also conceded that a police officer's order to a motorist to exit the motorist's vehicle after the vehicle has been lawfully stopped for a traffic infraction does not violate the Fourth Amendment, even though the officer has no reason to suspect foul play from the particular driver at the time of the stop, since the interest in the officer's safety outweighs an inconvenience to the driver in having to exit the vehicle. Pennsylvania v. Mimms, 434 US 106, 108-09, 98 S.Ct. 330, 54 L.Ed 2d 331 (1977). Thus, an order to get out of the car, issued after the driver is lawfully detained is reasonable and permissible under the Fourth Amendment. The order to get out of the car is considered an additional intrusion that can be described only as *de minimus*. There is no legal authority, however, that the officer may frisk the occupant of a car stopped in connection with a lawful traffic stop when there is no objectively reasonable belief that there is any other criminal activity or present danger. Pennsylvania v. Mimms, *supra,* 434 US at 109-10 (footnotes 5 and 6), 111. If the officer has an independent, objective reason to suspect criminal activity and/or present danger separate and apart from the traffic infraction, then the frisk of the person is permitted. 434 US 109-12; United States v. Scopo, *supra*, 19 F3d at 780-81 (defendant was a suspected member of an organized crime family, and the investigators stopping him had reasonable suspicion of his unlawful criminal conduct apart from the traffic violation).

    Counsel cites Whren v. United States, 517 US 806, 116 S.Ct. 1769, 135 L.Ed 2d 89 (1996) and Terry v. Ohio, 392 US 1, 88 S.Ct. 1868, 20 L.Ed 2d 889 (1968) for the following proposition: "Officers believing a driver has committed a traffic violation have probable cause to stop the driver and conduct a limited search of the person

8

for the discovery of weapons." Counsel's Memorandum at page 3. It is respectfully submitted that these authorities do not support counsel's contention. It is respectfully submitted that Whren may certainly be cited for the principal that temporary detention of an individual during a traffic stop for a brief period and for a limited purpose does not constitute an unreasonable seizure within the meaning of the Fourth Amendment, as long as the stop is reasonable in that the police have probable cause to believe that a traffic violation has occurred. Unless there is probable cause to believe that the driver is involved in other and separate criminal activity, such as possession of contraband, for which there is an articulable and reasonable suspicion, no limited search of the person of the driver for such contraband is authorized. The defense contention in Whren was that the police utilized a traffic stop as a pretext for pursuing other investigatory agendas. The defense unsuccessfully challenged evidence discovered in plain view upon a traffic stop. 517 US at 808-09. Counsel cites New York v. Belton, 453 US 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), for the contention that MR. MERRING's arrest for criminal possession of a weapon, the search of his person and his car were not in violation of his rights. Memorandum at 4. In Belton, a lawful custodial arrest was made separate and apart from a traffic stop based upon reasonable and articulable suspicion of separate illegal activity, contraband in the car, and the search conducted was deemed incident to a lawful custodial arrest. 433 US at 461-63. In the instant matter, the search of MR. MERRING's person did not take place incident to a lawful custodial arrest, as there was no reasonable and articulable suspicion of illegal conduct on the part of MR. MERRING, separate and apart from the traffic infraction of speeding. The search of MR.

MERRING's person was incident only to a stop for a traffic infraction, for which defendants have not as of yet provided admissible proof of probable cause.

Counsel states in his Memorandum: "Plaintiff's handgun was licensed in Delaware County, and SERGEANT WELSH and OFFICER DELIA could not verify whether the handgun permit was valid.  After plaintiff exited his vehicle, SERGEANT WELSH removed the handgun from the plaintiff's person, patted down the plaintiff, and found an illegal knife in his pant's pocket.  SERGEANT WELSH arrested plaintiff for criminal possession of a weapon in the fourth degree.  The plaintiff was handcuffed and placed in the back seat of OFFICER DELIA's patrol car."  Memorandum at 4.  In the absence of any sworn statement on the part of OFFICER DELIA or SERGEANT WELSH or any other witness on behalf of the defense as part of the supporting papers of defendants' Motion, counsel's version of the events in question is without basis in the record and should be disregarded.  There is nothing in the record submitted so far indicating that any effort was made on the part of OFFICER DELIA or SERGEANT WELSH to ascertain at the scene and prior to MR. MERRING's custodial arrest whether the permit in question was valid, such as using an in-vehicle computer or requesting that the dispatcher contact the Delaware County Sheriff's Office regarding such issue.  Additionally, as reflected clearly in the video that is Exhibit E to the defense moving papers, the first act of SERGEANT WELSH was to search MR. MERRING's person, remove a folding knife from his pant's pocket, manipulate the knife to the open position, and put it on the trunk of the car.  It was only after he did these things that he removed the pistol from MR. MERRING's person.

Counsel cites <u>Chambers v. Maroney</u>, 399 US 42, 90 S.Ct. 1975 (1970) and <u>United States v. Ross</u>, 456 US 798, 102 S.Ct. 2157, 72 L.Ed. 2d 572 (1982). These case are also inapplicable. These cases had to do with probable cause for warrantless searches of automobiles. The automobile in question in <u>Chambers</u> had been allegedly involved in a robbery, and the automobile in <u>Ross</u> had contraband in the trunk. Neither of these cases has anything to do with SERGEANT WELSH's search of MR. MERRING's person incident to a traffic stop for a traffic violation.

Counsel contends that the search of the automobile for additional weapons was a search incident to a lawful arrest, as MR. MERRING had been arrested for criminal possession of a weapon in the fourth degree. Counsel also contends that it was reasonable for the OFFICERs to request MR. MERRING to exit his vehicle after he informed them that he was carrying a handgun. Memorandum at 5. Counsel omits that MR. MERRING volunteered that he was carrying a pistol pursuant to a valid New York State pistol permit. Even so, it is conceded that the OFFICERs had the right to direct MR. MERRING to exit his vehicle. Counsel contends it was "objectively reasonable" for SERGEANT WELSH to remove the handgun from MR. MERRING instead of allowing MR. MERRING to hand him a loaded firearm, and that it was "objectively reasonable" for the OFFICERs to search the plaintiff's person for other weapons and for them to search his car after finding a "gravity knife" in the plaintiff's pocket, concluding that the search of MR. MERRING's person and automobile were "objectively reasonable" in their entirety. Memorandum at 5. Counsel disregards OFFICER DELIA's dashboard video, which reflects that upon MR. MERRING exiting the vehicle pursuant to SERGEANT WELSH's instruction,

SERGEANT WELSH directed MR. MERRING to raise his hands and conducted a search of his person, seized the folding knife, manipulated it to an open position and placed it on the trunk of the car, all prior to seizing the handgun from MR. MERRING's holster, clearly reflecting that SERGEANT WELSH's concerns were not primarily focused on concern for safety pertaining to MR. MERRING's firearm.

Therefore, it is respectfully submitted that the searches and seizures conducted by defendants of MR. MERRING's person and automobile were illegal and objectively unreasonable under the applicable federal law, and, therefore, actionable in the context of this proceeding. Defendants' conduct constituted a violation of clearly established Constitutional rights, and it was not objectively reasonable for them to believe that their acts did not violate those rights. Weyant v. Okst, *supra*, 101 F3d at 857.

**DEFENDANTS ARE NOT ENTITLED TO A QUALIFIED IMMUNITY DEFENSE ON PLAINTIFF'S CLAIM OF FALSE ARREST:**

It is conceded that counsel has cited applicable authorities pertaining to the issues treated under this portion of counsel's Memorandum. It is further conceded that the existence of probable cause constitutes a defense for a false arrest as recited by counsel, and that the inquiry is objective rather than subjective. Indeed, the arresting officer's state of mind is "irrelevant to the existence of probable cause." Devenpeck v. Alford, 543 US 146, 152-153, 125 S.Ct. 588, 160 L.Ed. 2d 537 (2004).

The probable cause determination has been stated succinctly as follows:

> In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime .... The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent event and the knowledge of the officers ....

Weyant v. Okst, *supra*, 101 F3d at 852.

> The relevant inquiry has been stated as follows:
>
> The essential inquiry in determining whether qualified immunity is available to an officer accused of false arrest is whether it was objectively reasonable for the officer to conclude that probable cause existed ... If officers of reasonable competence would have to agree that the information possessed by the officer at the time of the arrest did not add up to probable cause, the fact that it came close does not immunize the officer."
>
> _____ ....
>
> Thus, under both New York and federal law, summary judgment dismissing a plaintiff's false arrest claim is appropriate if the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable .... If, however, on the undisputed facts the officer would be unreasonable in concluding probable cause exists, or if the officer's reasonableness depends on material issues of fact, then summary judgment is inappropriate for both New York and federal false arrest claims.

Jenkins v. City of New York, 478 F.3d 76, 87, *id.* (2d Cir. 2007). It is well settled further that: "Probable cause is ... evaluated on the totality of the circumstances." Jenkins, *supra*, 478 F.3d at 90.

13

It is respectfully submitted that in the instant matter, OFFICER DELIA certainly <u>may</u> have had probable cause to stop MR. MERRING for a traffic offense, speeding, but neither OFFICER DELIA nor SERGEANT WELSH had any probable cause to believe that MR. MERRING was engaged in any other crime or criminal activity, such that either one had probable cause to conduct a search of MR. MERRING's person, which in this instance led to the illegal arrest of MR. MERRING for a non-crime, having a folding knife, which then led to an illegal search of his automobile, leading to the seizure of a stick, which formed part of the basis for the criminal charge, along with the knife.

Counsel maintains again that a traffic stop permits a limited search of the driver for discovery of weapons, citing <u>Whren</u>, *supra*, and <u>Terry v. Ohio</u>, *supra*, 392 US 1, 88 S.Ct. 1868 (1968). Memorandum at 7. Neither case stands for the proposition that a traffic stop entitles the officer to conduct a search of the person in the absence of a reasonable and articulable belief that other and separate criminal activity or behavior is taking place.

It is respectfully submitted that the dashboard camera video reflects that SERGEANT WELSH's first action upon having MR. MERRING step out of his vehicle was to have him raise his hands and begin a search of his person. The retrieval of the firearm from MR. MERRING's holster duly licensed and permitted to MR. MERRING, was the last act undertaken prior to MR. MERRING being placed in handcuffs, and, therefore, in custody by SERGEANT WELSH.

Additionally, counsel maintains that SERGEANT WELSH seized a gravity knife, and, therefore, an illegal knife, pursuant to New York State Penal Law, from the

person of MR. MERRING. Whether the knife in question is a folding knife, not operational solely by gravity, or centrifugal force, and, therefore, not illegal under New York State law, is a fact in controversy, and the nature of the knife must be viewed in the light most favorable to MR. MERRING. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 US 574, 587, 89 L.Ed. 2d 538, 106 S.Ct. 1348 (1986).    As such, the arrest of MR. MERRING was not objectively reasonable in any way, and it was conduct that violated clearly established Constitutional Rights.

### **DEFENDANTS ARE NOT ENTITLED TO A QUALIFIED IMMUNITY DEFENSE ON PLAINTIFF'S CLAIM OF MALICIOUS PROSECUTION:**

It is conceded that the discussion by counsel in this portion of his Memorandum and the authorities cited are applicable to this portion of plaintiff's case. It is respectfully submitted also that a Section 1983 malicious prosecution claim must include a post arraignment seizure, which element is satisfied by a claimant having to attend criminal proceedings and obey conditions of bail, elements that exist in this case. Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir. 2003)(citations omitted). Additionally, counsel cites Weyant v. Okst, *supra*, 101 F.3d at 857-8, for the rule that the existence of probable cause establishes an absence of malice. It is respectfully submitted that no such rule is articulated in the Weyant case.

Counsel contends that MR. MERRING has not provided any evidence that the actions of the defendant OFFICERS were motivated by actual malice. It is

respectfully that the allegations contained in MR. MERRING's Notice of Claim and his Complaint with Jury Demand, as well as MR. MERRING's account of the entire encounter between OFFICER DELIA, SERGEANT WELSH, and MR. MERRING, reflect actual malice. MR. MERRING was subjected to unjustified harassment, intimidation, and interrogation pertaining to his holding a valid New York State pistol permit, and his being a member of the National Rifle Association. In the absence of opposing sworn statements from the OFFICERs in question or any other witnesses on their behalf as to these material allegations, counsel's contentions simply reflect that there are issues of material fact in controversy that cannot be resolved as a matter of law, and that, therefore, defendants' Motion for a grant of qualified immunity must be denied.

Assuming for the sake of discussion and in now way conceded, It is conceded that MR. MERRING was the subject of a lawful traffic stop, he was lawfully directed to exit his vehicle. It is respectfully submitted, however, that he was the subject of an unlawful search of his person by SERGEANT WELSH, and an unlawful seizure of a folding knife unlawfully identified by SERGEANT WELSH and OFFICER DELIA as an illegal knife, a gravity knife, when in fact it was a folding knife. MR. MERRING was the also subject of an illegal seizure of his person in the form of a custodial arrest, and the search of his automobile and seizure of property therefrom was unlawful. This sequence of events is clearly depicted in the dashboard camera video from OFFICER DELIA's patrol car.

Furthermore, it is uncontroverted that the Orange County District Attorneys' Office sought dismissal of the criminal charge for the foregoing reasons and

permitted MR. MERRING to plead guilty to a non-moving traffic violation in lieu of the speeding charge. MR. MERRING was required to post bail and observe conditions thereof, and attend criminal proceedings. As such, there was a criminal prosecution, and said prosecution did terminate in favor of MR. MERRING.

### THE KNIFE SEIZED FROM MR. MERRING WAS NOT A GRAVITY KNIFE, AND, THEREFORE, NOT A PER SE WEAPON UNDER NEW YORK STATE LAW:

MR. MERRING was charged with one (1) count of criminal possession of a weapon in the fourth degree, in violation of New York State Penal Law Section 265.01, which states in pertinent part as follows:

> A person is guilty of criminal possession of a weapon in the fourth degree when: (1) he possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switch blade knife, pilum ballistic knife, metal knuckle knife, cane sword, billy, black jack, bludgeon, metal knuckles, chukka sticks, sand bag, sandclub, wrist-brace type slingshot or slungshot, shirken, or "Kung Fu star."

Penal Law Section 265.01(1).

The term gravity knife has a specific definition in the New York State Penal Law as follows:

> "Gravity Knife" means any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever, or other device.

New York State Penal Law Section 265.00(5).

The rationale behind New York State Penal Law outlawing certain weapons as "per se" weapons is that such weapons "have no legitimate purpose and are only utilized as weapons." People v. Voltaire, 18 Misc3d 408, 409 (Kings Co. Crim. Ct. 2007).

In order for a knife to be a gravity knife, it must have a blade that locks "in place automatically upon its release and without further action by the user." People v. Zuniga, 303 AD2d 773, 774 (2d Dep't 2003), *app. withdrawn*, 100 NY2d 567 (2003); see also People v. Voltaire, *supra*, 18 Misc.3d at 411 ("A gravity knife must have a blade which locks in place automatically upon release without any effort by the user, and cannot require a manual locking mechanism). The idea behind classifying a knife as a per se weapon is that such a knife must have a blade which opens "automatically by operation of inertia, gravity or both." People v. Mott, 137 Misc.2d 757, 758 (Jefferson Co. Ct. 1987); see also People v. Dolson, 142 Misc.2d 779, 780 (Onondaga Co. Ct. 1989).

It is respectfully submitted that the knife in question in the instant matter is not a gravity knife, in that its blade is not released and locked automatically by the application of gravity or centrifugal force. It is clear that in the video, SERGEANT WELSH opened the knife only after manipulating the same. Exhibit E. Additionally, the blade has a hole near the handle to enable a person to manipulate the blade to an open position, using one hand. Exhibit K.

Moreover, in the absence of any sworn statement from either SERGEANT WELSH or OFFICER DELIA or any other witness on behalf of the defendants with

personal knowledge, this is again a material issue of fact, which cannot be resolved as a matter of law in favor of defendants. Additionally, as the plaintiff's contention is that this is not a gravity knife, plaintiff's version of the events in question, including the nature of the knife in question, are assumed to be true for the purposes of this Motion. This is particularly so in the absence of any admissible proof submitted otherwise submitted on behalf of defendants.

### **CONCLUSION:**

It is respectfully submitted that the defendant's moving papers are deficient in that they lack any sworn statement by either OFFICER pertaining to the facts that would purportedly allow the Court to grant the relief they request as a matter of law. It is also further respectfully submitted that the record of admissible evidence before the Court establishes that MR. MERRING was the subject of a search and seizure of his person and his automobile without probable cause, and that, therefore, the OFFICERs have acted in a manner that is in violation of the clearly established Constitutional rights, and their actions were not objectively reasonable in light of such rights.

Dated: Poughkeepsie, New York
      July 7, 2008                              RESPECTFULLY SUBMITTED,

                                               Lee David Klein, Esq. (LDK 2270)
                                               Attorney for Plaintiff
                                               11 Market Street, Suite 204
                                               Poughkeepsie, NY 12601
                                               845-454-9200