UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERIC K. MERRING,

                        Plaintiff,           Docket No.:
                                              07 civ 10381 (CLB)

  - against –

                                              **REPLY AFFIRMATION**

THE TOWN OF TUXEDO, NEW YORK, THE TOWN OF
TUXEDO POLICE DEPARTMENT, TOWN OF TUXEDO
POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER
24, TOWN OF TUXEDO POLICE SERGEANT PATRICK     Return Date:
WELSH, SHIELD NUMBER 17,                                             ADJOURNED BY
                                                                                     THE COURT

                        Defendants.
------------------------------------------------------------------------X

        Paul E. Svensson, an attorney duly admitted to practice law before the United States District Court, Southern District of New York, affirms the following under the penalties of perjury:

        1.    I am a member of the law firm of HODGES, WALSH & SLATER, LLP, attorneys for the defendants, THE TOWN OF TUXEDO, NEW YORK, THE TOWN OF TUXEDO POLICE DEPARTMENT, TOWN OF TUXEDO POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER 24, and TOWN OF TUXEDO POLICE SERGEANT PATRICK WELSH, SHIELD NUMBER 17, and am familiar with the facts and pleadings herein from my review of the file maintained by our office.

        2.    This Reply Affirmation is submitted in response to plaintiff's opposition to, and in further support of, the defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 (c) on the affirmative defense of qualified immunity.

3.  At the outset, it is respectfully submitted that a review of defendants' Rule 56.1 Statement of Facts[1] and plaintiff's Counter-Statement of Facts reveals that there is only one possible issue of material fact.

4.  Namely, whether the police officers reasonably believed that the knife they confiscated from plaintiff was a "gravity knife" instead of a "folding knife" as alleged by plaintiff. (Statement of Facts, par. 27; Counter-Statement, par. 25, 27).

5.  The parties are otherwise in agreement as to all other material facts.

6.  On December 4, 2006 about 9:00 a.m., Officer Delia lawfully stopped plaintiff for speeding on Route 17 in the Town of Tuxedo. (Statement of Facts, par. 1, 2, 4). Plaintiff informed Officer Delia that he was carrying a licensed handgun and produced a pistol permit, issued by Delaware County in April 1988. (Statement of Facts, par. 6, 9; Counter-Statement, par. 9). Plaintiff exited the vehicle. (Counter-Statement, par. 17). Sergeant Welsh patted down the plaintiff and found a knife; in addition to the handgun loaded with a magazine plus 2 additional magazines on a belt clip, each holding 8 rounds for a total of 24 rounds of ammunition. (Statement of Facts, par. 20, 22, 23, 25; Counter-Statement, par. 22, 23, 24, 25).

7.  In addition, both parties agree that the events after the stop were accurately recorded by a video camera mounted on the dashboard of the police car. A copy of the video was annexed to defendants' motion as Exhibit E.

8.  While plaintiff claims that the video shows Sergeant Welsh manipulating the knife blade with a finger, or fingers, prior to flicking it open, defendants assert that

---

[1] Contrary to plaintiff's argument, defendants' Statement of Facts was supported by police records maintained in the normal course of business, transcripts from sworn deposition and 50-h Hearing and a videotape which plaintiff agrees is factual accurate.

the video plainly shows Sergeant Welsh opening the knife by the flick of his wrist. (Statement of Fact, par. 28; Exhibit E; Counter-Statement of Facts, par. 28).

9.  Sergeant Welsh determined that the knife was a gravity knife by the manner in which it opened, and arrested plaintiff for possession of an illegal weapon under New York law. (Statement of Facts, par. 31). Plaintiff was charged with speeding and criminal possession of a weapon, a gravity knife and a billy club – located upon subsequent inspection of the car incident to the arrest for illegal possession of the gravity knife. (Statement of Facts, par. 41).

10. It is respectfully submitted that the Court must view the videotape to determine whether plaintiff's self-serving interpretation creates a genuine issue of fact. Plaintiff correctly asks the Court to restrain from assessing his credibility and view the evidence in a light favorable to the plaintiff, however, the Court must also consider the facts and circumstances, as viewed from the perspective of the police officers, at the time they made their decision to arrest plaintiff for the illegal possession of a gravity knife.

11. In addition, a subsequent inspection was conducted of the knife and the Court is respectfully requested to consider the results of this inspection, and plaintiff's failure to provide any evidence, pursuant to Rule 56(e), in to support his self-serving claim that it was a folding knife.

**THERE IS NO GENUINE MATERIAL ISSUE OF FACT THAT
THE KNIFE OPENED IN THE FLICK OF A WRIST**

12. George Szermer, a licensed private investigator, attended the Discovery and Inspection on June 20, 2008 on behalf of the defendants with Town of Tuxedo Police Chief Carlin. Plaintiff, his attorney, and his purported expert -- from whom no report was provided in support of the opposition of the within motion -- also attended. As set forth

in **EXHIBIT A**, Mr. Szermer averred that, in his presence, Police Chief Carlin was able to open the knife by merely flicking his wrist.

13. Plaintiff's affidavit states that the knife was a Syderco Police model.

14. Importantly, plaintiff does not provide any material from the manufacturer detailing the specifications of the knife, including to presence of a blade slot or other means by which the blade may be manipulated to open the knife as plaintiff alleged was done by the police.

15. Moreover, no manufacturer information was provided as to how the blade is activated, including whether it can be activated by the flick of a wrist as demonstrated by Chief Carlin at the inspection attended by all parties.

16. Further, no information was provided as to whether the knife had a locking mechanism.

17. Finally, no information was provided to clarify the purpose of the spring mechanism, which plaintiff confirmed was present. Based upon common sense alone, it would seem highly unlikely that a folding knife, which required manual manipulation of the blade as averred by the plaintiff, would operate in conjunction with a spring mechanism.

18. There can be no issue of material fact where plaintiff provided no evidence in support of his self-serving affidavit and, the only reliable evidence shows that Chief Carlin was able to open the knife by a flick of his wrist, confirming what Sergeant Welsh documented ass the basis for the arrest in his report and information.

## DEFENDANTS ARE ENTITLED
## TO A QUALIFIED IMMUNITY DEFENSE
## ON THE CLAIM OF UNLAWFUL SEARCH AND SEIZURE

19. The law is this area is well settled, and plaintiff agrees that drivers, once lawfully stopped for speeding, have no Fourth Amendment interest in not being ordered out of the stopped vehicle. *Pennsylvania v. Mimms*, 434 U.S. 106, 108-9 (1977).

20. It is respectfully submitted that the subsequent pat down was also lawfully conducted in the public interest of officer safety. *Terry v. Ohio*, 392 U.S. 1, 17 (1968). The officers separately asked plaintiff why he was carrying the handgun and plaintiff's continued evasive response was that he had an unrestricted license from Delaware County dated April 1988, did not need any further reason to carry his handgun, and was also on his way to work in Rockland County as a salesman in a sporting goods store. (Counter-Statement, par. 7, 15).

21. Police officers, confronted with these situations, are required to make split second decisions, which can have both life safety and legal implications. When reviewed by a court, the actions taken must be viewed in light of the facts and circumstances confronting the officers at that time. Here, plaintiff's testimony is sufficient to show that he was acting in an evasive manner when answering a simple question -- why was he carrying the handgun.

22. As such, since the police officers were unable to obtain a comprehensible answer from the plaintiff why he was carrying a handgun with 24 rounds of ammunition to work as a salesman, it was objectively reasonable for the police to conduct a limited search to determine if plaintiff was in possession of any additional weapons that he had not disclosed before they withdrew the pistol from its holster.

23. That search resulted in the location of the knife

24. As such, it is respectfully submitted that defendants are entitled to qualified immunity because it was objectively reasonable for them to conduct a pat down of the plaintiff for additional weapons based upon his evasive response to their questioning.

### DEFENDANTS ARE ENTITLED TO A QUALIFIED IMMUNITY DEFENSE ON PLAINTIFF'S CLAIM OF FALSE ARREST

25. It is well established that probable cause is a complete defense to an action for false arrest. *Singer v. Fulton County Sheriff*, 63 F.3d 110 (2d Cir. 1995).

26. As the Supreme Court held in *Devenpeck*, a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest. *Devenpeck v. Alford*, 543 U.S. 146 (2004).

27. As discussed above, the police conducted a lawful traffic stop and asked plaintiff to exit the vehicle. Sergeant Welsh lawfully conducted a pat down search for other weapons and found a knife. After determining it was a gravity knife, because it opened with the flick of a wrist, Sergeant Welsh arrested the plaintiff for criminal possession of an illegal weapon.

24. New York Criminal Procedure Law § 140.10((1)(a) provides that a police officer may arrest a person for any offense when he has reasonable cause to believe that such person has committed such offense in his presence.

The New York statute for criminal possession of a weapon in the fourth degree

provides:

> A person is guilty of criminal possession of a weapon in the fourth degree when he possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife, pilum ballistic knife, metal knuckle knife, cane sword, billy, blackjack, bludgeon, metal knuckles, chuka stick, sand bag, sandclub, wrist-brace type slingshot or slungshot, shirken or "Kung Fu star"

NY Penal Law §265.01(1).

25. Examining the totality of the circumstances, it is respectfully submitted that probable cause existed to arrest plaintiff for criminal possession of a weapon in the fourth degree and to prepare and forward the required information/reports to the District Attorney.

## DEFENDANTS ARE ENTITLED TO A QUALIFIED IMMUNITY DEFENSE ON PLAINTIFF'S CLAIM OF MALICIOUS PROSECUTION

26. It is well settled that the existence of probable cause is also an absolute defense to a cause of action for malicious prosecution. Weyant, 101 F.3d at 857-8 (existence of probable cause establishes an absence of malice).

27. In addition to the foregoing discussion on probable cause for the arrest for illegal possession of a gravity knife, although plaintiff complains that the officers were intimidating and angry, he failed to provide any evidence that the actions of Officer Delia and Sergeant Welsh were motivated by actual malice.

28. There is nothing in the record to indicate the parties had any prior contact or that the police officers were acting outside of routine police practice in conducting a

pat down search in the public interest of officer safety and arresting plaintiff when they found what was reasonably perceived to be a gravity knife.

WHEREFORE, it is respectfully requested that the defendants', TOWN OF TUXEDO POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER 24, and TOWN OF TUXEDO POLICE SERGEANT PATRICK WELSH, SHIELD NUMBER 17, motion for judgment, pursuant to Rule 56(c), on the affirmative defense of qualified immunity be granted in its entirety and plaintiff's Complaint dismissed with prejudice, together with such further and other relief as this Court may deem just.

Dated: White Plains, New York
       July 14, 2008

                                  Yours, etc.,
                                  Hodges, Walsh & Slater, LLP

                                  *Paul E. Svensson*
                                  Paul E. Svensson (PS3403)
                                  Attorneys for Defendants
                                  55 Church Street, Suite 211
                                  White Plains, New York 10601
                                  Tel: (914) 385-6000
                                  Fax: (914) 385-6060
                                  E-mail: psvensson@hwslaw.com

TO:    Lee David Klein, Esq.
        Attorney for Plaintiff
        11 Market Street, Suite 204
        Poughkeepsie, New York 12601
        (845) 454-9200

Case 7:07-cv-10381-CS    Document 22    Filed 07/14/2008    Page 9 of 11

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERIC K. MERRING,

                            Plaintiff,                            Docket No.:
                                                                            07 civ 10381 (CLB)

  - against –

                                                                              **AFFIDAVIT IN**
THE TOWN OF TUXEDO, NEW YORK, THE TOWN OF    **SUPPORT**
TUXEDO POLICE DEPARTMENT, TOWN OF TUXEDO
POLICE OFFICER ANTHONY DELIA, SHIELD NUMBER
24, TOWN OF TUXEDO POLICE SERGEANT PATRICK
WELSH, SHIELD NUMBER 17,

                              Defendants.
------------------------------------------------------------------------X

      I, **GEORGE SZERMER**, P.O. Box 365 Monsey, New York, 10952, being duly sworn, deposes and says:

1.    I am a licensed private investigator with Licensed Private Investigators, P.O. Box 365, Monsey, New York, 10952.

2.    On June 20, 2008, I attended a Discovery and Inspection at the Town of Tuxedo Police Department to inspect a gravity knife and billy club that were confiscated from Mr. Merring at the time of his arrest.

3.    Plaintiff's attorney, Lee David Klein, plaintiff's alleged expert witness, Mr. Merring, and Police Chief Dan Carlin also attended the Discovery and Inspection.

4.    It is my understanding that the plaintiff's expert witness is a retired police officer and now works as a private investigator.

5.    In my presence, Police Chief Carlin was able to open the knife by merely flicking his wrist.

6.    Plaintiff took photographs of the gravity knife and billy club.

_____
George Szermer

Sworn to before me this
11th Day of July, 2008

_____
Notary Public

LAURA J. HEANEY MALFETANO
NOTARY PUBLIC, State of New York
No. 01HE6084655
Qualified in Westchester County
Commission Expires 12/9/10